SANDRA KETNER, ESQ.
Nevada Bar No. 8527
SKetner@SHJNevada.com
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, Nevada  89509
Telephone: (775) 785-0088
Fax: (775) 785-0087
*Attorneys for Defendant Renown Health*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DONNA BATESON,<br><br>                    Plaintiff,<br><br>v.<br><br>RENOWN HEALTH, a domestic nonprofit corporation,<br><br>                    Defendant. | CASE NO.:   3:20-cv-00289-MMD-CLB<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SUBMITTED IN COMPLIANCE WITH LR 26-1(b)** |

Pursuant to Federal Rule of Civil Procedure ("FRCP") 26(f), and Local Rule ("LR") II 26-1(b), Plaintiff Donna Bateson ("Bateson") and Defendant Renown Health ("Renown") (collectively, when possible, "the Parties") submit the following Stipulated Discovery Plan and Scheduling Order ("Stipulated Order") in the above-captioned matter.

**A.      Information Required by FRCP 26(f):**

1.      Counsel for the Parties conducted a meeting pursuant to FRCP 26 and LR II 26-1(a) on July 22, 2020.  The Parties have agreed that they will serve initial disclosures on or before August 5, 2020.

2.      Discovery may be conducted on all discoverable matters relevant to issues raised by the Complaint and any subsequent pleadings, consistent with the Federal

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

Rules of Civil Procedure and the Local Rules of the District.

3.      No changes in limitations, other than those set forth below, set by either the Federal Rules of Civil Procedure or Local Rules for the District of Nevada are requested at this time. The Parties agree that nothing in this Stipulated Order shall constitute a waiver of any objections the Parties may raise or lodge in response to any discovery.

4.      Discovery in this case will not be sufficiently complex to warrant conducting discovery in phases.

5.      The parties anticipate the production of confidential documents and information in this litigation, and to facilitate that production, submit a proposed *Stipulation and Protective Order Regarding Confidentiality for Confidential Documents Produced by the Parties in Litigation* ("*Protective Order*"), to cover the confidential materials specified therein.  (*See* **Exhibit 1**, *Proposed Protective Order*, attached hereto.)

**B.      Information Requested by LR II 26-1(b):**

*1.      Discovery Cut-Off Date:*

Defendant first appeared in this matter on June 24, 2020, via its Answer to Plaintiff's Complaint.  [ECF 6].  Accordingly, the deadline for completing discovery shall be **December 21, 2020** (180 days from the date of Defendant's Answer to Plaintiff's Complaint).

*2.      Amending the Pleadings and Adding Parties:*

The date for filing motions to amend the pleadings or to add Parties shall not be later than ninety (90) days prior to the discovery cut-off date, and, therefore, not later than **September 22, 2020**. Any party causing additional Parties to be joined or brought to this action shall contemporaneously therewith cause a copy of this Order to be served upon the new party or Parties.

*3.      Expert Disclosures:*

The last day for disclosures required by FRCP 26(a)(2) concerning experts shall not be later than 60 days before the discovery cut-off date, and, therefore, not later than **October 22, 2020**. The last day for disclosures regarding rebuttal experts shall be **November 23, 2020** (30 days after October 22, 2020 is Saturday, November 21, 2020).

/ / /

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, NV 89509
Phone: (775) 785-0088

1    *4.     Dispositive Motions:*

2        The Parties shall file dispositive motions not more than thirty (30) days after the discovery

3    cut-off date and, therefore, not later than **January 20, 2021**.

4    *5.     Pretrial Order and FRCP 26(a) Disclosures:*

5        If no dispositive motions are filed, and unless otherwise ordered by this Court, FRCP

6    26(a)(3) disclosures shall be made, and the Joint Pretrial order shall be filed not more than thirty

7    (30) days after the date set for filing dispositive motions, and therefore, not later than **February 19,**

8    **2021**.  In the event dispositive motions are filed, the last day to file the Joint Pretrial order shall be

9    suspended until thirty (30) days after the ruling on the dispositive motions.

10   *6.     Alternative Dispute Resolution:*

11       The Parties certify that they met and conferred about the possibility of using alternative

12   dispute-resolution processes including mediation, arbitration, and early neutral evaluation.  The

13   parties plan to attend and participate in good faith in the early neutral evaluation scheduled before

14   Magistrate Judge Robert A. McQuaid, Jr. on August 11, 2020.

15   *7.     Alternative Forms of Case Disposition:*

16       The Parties certify that they considered consent to trial by a magistrate judge under 28 U.S.C.

17   § 636(c) and FRCP 73 and the use of the Short Trial Program.

18   *8.     Electronic Evidence:*

19       The parties certify that they have discussed whether they intend to present evidence in

20   electronic format to jurors for the purposes of jury deliberations.

21   *9.     Extensions or Modifications of the Discovery Plan and Scheduling Order:*

22       In accordance with LR II 26-3, a stipulation or motion for modification or extension of this

23   discovery plan and scheduling order must be made no later than twenty-one (21) days prior to the

24   discovery cut-off date, and therefore, not later than **November 30, 2020**.

25   **E.     Issues Regarding Discovery of Electronically Stored Information ("ESI") and**

26   **Form of Production:**

27       The Parties do not anticipate that this case will involve or require the inspection or

28   production of extensive ESI.  The Parties anticipate that they will produce discovery in paper format,

"jpg"/"jpeg" format (for pictures) or "pdf" format, unless a party contends that the native format is required or preferred, e.g., for accompanying metadata evidence, in which case, the requesting party may request the information or document be produced in native format. The responding party shall have no obligation to produce the information or document in electronic form that is different than native format. If the requesting party intends to seek discovery of ESI from sources identified as not reasonably accessible, the Parties will discuss: (1) the burdens and costs of accessing and retrieving the information; (2) the needs that may establish good cause for requiring production of all or part of the information even if the information sought is not reasonably accessible; and (3) conditions on obtaining and producing this information. In the event of a dispute, the Parties will meet and confer on the matter, and if a dispute cannot be resolved, either or both Parties will request a pretrial conference with the Court.

RESPECTFULLY SUBMITTED,

DATED this 3rd day of August, 2020.

BY    /s/ William J. Geddes, Esq.
    WILLIAM J. GEDDES, ESQ.
    THE GEDDES LAW FIRM, P.C.
    1575 Delucchi Lane, Suite 206
    Reno, Nevada 89502
    will@TheGeddesLawFirm.com

*Attorney for Plaintiff*

DATED this 3rd day of August, 2020.

BY:    /s/ Sandra Ketner, Esq.
    SANDRA KETNER, ESQ.
    SIMONS HALL JOHNSTON PC
    6490 S. McCarran Blvd., Ste. F-46
    Reno, Nevada 89509
    SKetner@SHJNevada.com

*Attorney for Defendants*

**IT IS SO ORDERED.**

_____
**UNITED STATES MAGISTRATE JUDGE**

DATED:    August 4, 2020.